IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON LATRELL THOMAS,   No. 2:12-CV-12-0471-CMK-P

    Plaintiff,

  vs.   ORDER

M. VOONG,

    Defendant.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names M. Voong, the warden of CMF Vacaville, as the only defendant. He also names doe defendants. Plaintiff claims that he was assaulted by prison guards, though he includes no names in his allegations. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff will be provided an opportunity to amend to allege the names of the individual prison guards he claims violated his constitutional rights.

As to defendant Voong, and any other supervisory defendant, supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the

1  supervisor participated in or directed the violations. See id. The Supreme Court has rejected the
2  notion that a supervisory defendant can be liable based on knowledge and acquiescence in a
3  subordinate's unconstitutional conduct because government officials, regardless of their title, can
4  only be held liable under § 1983 for his or her own conduct and not the conduct of others. See
5  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who
6  implement a policy so deficient that the policy itself is a repudiation of constitutional rights and
7  the moving force behind a constitutional violation may, however, be liable even where such
8  personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942
9  F.2d 1435, 1446 (9th Cir. 1991) (en banc).

10         When a defendant holds a supervisory position, the causal link between such
11  defendant and the claimed constitutional violation must be specifically alleged. See Fayle v.
12  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
13  1978). Vague and conclusory allegations concerning the involvement of supervisory personnel
14  in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
15  Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the
16  official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

17         Because it is possible that the deficiencies identified in this order may be cured by
18  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
19  action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is
20  informed that, as a general rule, an amended complaint supersedes the original complaint. See
21  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to
22  amend, all claims alleged in the original complaint which are not alleged in the amended
23  complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if
24  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
25  plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be
26  complete in itself without reference to any prior pleading. See id.

Case 2:12-cv-00471-CMK   Document 12   Filed 06/28/12   Page 4 of 4

Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: June 27, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE