IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>      Plaintiff,<br><br>   vs.<br><br>TERRY, et al.,<br><br>      Defendants.<br>_____/ | No. 2:12-CV-0471-MCE-CMK-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (Doc. 30).

      In his motion, plaintiff asserts that unidentified prison officials at the California Medical Facility are not providing him access to his legal materials and the prison law library. Plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). The request must, therefore, be denied.

/ / /

/ / /

Additionally, where a prisoner is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam). Such is the case here. Plaintiff's motion was filed when he was housed at the California Medical Facility and concerns his conditions of confinement at that prison. Because plaintiff has since been transferred to California State Prison, Sacramento, and because plaintiff does not allege an expectation of being transferred back to the California Medical Facility, his motion should also be denied because it is moot.

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (Doc. 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 7, 2014

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE