IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | No. 2:12-CV-0471-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| TERRY, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion (Doc. 56) for leave to amend. Also before the court are: (1) defendants' motion (Doc. 57) to vacate the court's June 26, 2014, scheduling order; and (2) defendants' motions (Doc. 59 and 61) for additional time to respond to plaintiff's discovery requests served on June 30, 2014, July 20, 2014, and September 25, 2014. Plaintiff's motions for appointment of counsel (Docs. 60, 64, and 65) will be addressed separately.

/ / /

/ / /

/ / /

This action currently proceeds on the second amended complaint (Doc. 32), which was deemed appropriate for service on the only two named defendants – Lawrence and Terry. Plaintiff alleges that defendants Lawrence and Terry violated his Eighth Amendment rights in connection with a May 26, 2010, cell extraction. Specifically, he claims that defendants threatened to "have their staff beat me if I did not exit the cell willingly" and then, when staff did beat him, defendants "watched and did nothing to stop it."

In the proposed third amended complaint (Doc. 56-1), plaintiff seeks to add additional defendants and claims. For additional defendants, plaintiff seeks to join: Price, Bachman, Reynolds, Shirazzi, Hartley, Geringson, Sawador, Bates, Vickers, Malibunas, Reif, Chandrantha, Gooselaw, Holloway, Delacruz, Vandoran, and Castellanos. For additional claims, plaintiff seeks to add a First Amendment claim based on alleged denial of access to the courts (against Price, Bachman, Reynolds, Shirazzi, Hartley, Geringson, Sawador, Vickers, and Bates), as well as claims based on alleged violations of California state law and various federal criminal statutes. As to his original Eighth Amendment claim against defendants Lawrence and Terry arising from the May 26, 2010, cell extraction, plaintiff now alleges that all of the newly-named defendants – except Geringson – are also liable. More specifically, plaintiff now alleges that newly-named defendants Price, Bachman, Shirazzi, Hartley, Sawador, and Vickers are liable because they "created a policy of torture."

Where, as here, leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833

F.2d 183, 186 (9th Cir. 1987).

In his motion for leave to amend, plaintiff states:

> Plaintiff Thomas is requesting for leave to file his third amended complaint to add defendants and additional facts after the defendants produced documents identifying defendants.
>
> On September 22, 2014, Thomas received his production of documents from the Defendants which identifies other defendants attached which personally participated in the illegal acts described in the attached third amended complaint.

Plaintiff offers no further argument in support of his motion.

Turning to the first factor, which assesses the relationship between the currently operative pleading and the proposed amended pleading, the court finds that there is no reasonable relationship between the pleadings as to plaintiff's proposed First Amendment claim because they are not connected in terms of the same defendants, timeframe, or alleged conduct. Any First Amendment claims against newly-named defendants should be litigated by way of a separate action.

As to plaintiff's additional theories of liability under state law and various federal criminal status, and to the extent plaintiff can even assert such theories, plaintiff has not explained why he could not have asserted these theories earlier. While plaintiff states that recently provided discovery responses identified "other defendants," such responses would not have been necessary to identify new legal theories. Therefore, as to new theories of liability relating to the May 26, 2010, cell extraction, the court finds that plaintiff fails to demonstrate good cause for the delay in seeking amendment.

Finally, as to plaintiff's proposed joinder of additional defendants with respect to the original Eighth Amendment claim, the argument made by defendants Lawrence and Terry in their opposition that the amendment is futile because plaintiff's new allegations are too vague and conclusory to state a claim is well made. However, because it is possible that plaintiff may be able to cure this defect through further amendment to allege more specific facts related to the

alleged liability of new defendants under the Eighth Amendment in connection with the May 26, 2010, cell extraction, plaintiff will be provided such an opportunity. See 28 U.S.C. § 1915A(a).

In preparing any further amended complaint, plaintiff should bear in mind that leave to amend is granted only with respect to the joinder of new defendants allegedly liable under the Eighth Amendment for excessive force used on May 26, 2010. Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). If plaintiff chooses not to file a further amended complaint, the action shall proceed on the third amended complaint on plaintiff's Eighth Amendment claim against defendants Lawrence and Terry only.

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 56) is granted, in part, and denied, in part;

2. The Clerk of the Court is directed to file the proposed third amended complaint (Doc. 56-1);

3. Defendants' motion (Doc. 57) to vacate the court's June 26, 2014, scheduling order is granted;

4. The June 26, 2014, scheduling order is vacated;

5. Defendants' motions (Doc. 59 and 61) for additional time to respond to plaintiff's discovery requests served on June 30, 2014, July 20, 2014, and September 25, 2014, are granted;

6. If they have not already done so, defendants shall serve responses to the June 30, 2014, and July 20, 2014, discovery requests within 30 days of the date of this order; and

7. By separate order, the court will set a date by which plaintiff may file a fourth amended complaint.

DATED: March 20, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE