1
2
3
4
5
6
7
8               **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JASON LATRELL THOMAS,              No. 2:12-CV-0471-MCE-CMK-P

12                  Plaintiff,

13           vs.                              ORDER

14   TERRY, et al.,

15                  Defendants.

16   _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.   Pending before the court are plaintiff's motions (Docs. 70, 87, and 98)

19   related to discovery.

20          In his first motion (Doc. 70), filed on April 6, 2015, plaintiff seeks issuance of a

21   subpoena duces tecum to a third party, the Internal Investigation Office of the California Medical

22   Facility.  The California Department of Corrections and Rehabilitation ("CDCR") specially

23   appeared to oppose the motion.  In its opposition, CDCR asserts that the documents plaintiff

24   seeks are protected under the official information privilege recognized in Sanchez v. City of

25   Santa Ana, 936 F.2d 1027 (9th Cir. 1991).  CDCR also asserts that the documents are

26   confidential under California law and may not be disclosed to an inmate.

1

1    At the outset, the court notes that CDCR's arguments would be more properly

2    raised in the context of a motion to quash.  In any event, given that the original scheduling order

3    opening discovery in this action has been vacated pending the filing of and response to a fourth

4    amended complaint, plaintiff's motion will be denied without prejudice to renewal following

5    issuance of a new scheduling order re-opening discovery in this action.

6    In his second motion (Doc. 87), filed on June 8, 2015, plaintiff seeks an order

7    compelling further responses to interrogatory No. 3 propounded to defendant Lawrence and

8    interrogatory Nos. 2, 3, 4, and 6 propounded to defendant Terry.  According to plaintiff,

9    defendants "did not properly invoke the official information privilege when answering their

10   interrogatories."  Specifically, plaintiff cites United States v. Reynolds, 345 U.S. 1 (1953), for

11   the proposition that, in order to properly assert the privilege, defendants were required to submit

12   a declaration from the official having actual control over the requested documents.

13   Upon review of the disputed discovery, the court observes that defendants

14   affirmatively asserted the official information privilege recognized in Sanchez.  Reynolds is

15   inapplicable to this case because it dealt with the United States' privilege against revealing

16   military secrets.  Plaintiff has cited no case supporting his position that defendants improperly

17   invoked the official information privilege in this case, and has made no argument that the

18   privilege does not apply to the discovery at issue.  Plaintiff's motion to compel will be denied.

19   In his third motion (Doc. 98), filed on September 21, 2015, plaintiff seeks an

20   order extending the dispositive motion filing deadline.  Plaintiff's motion will be denied as

21   unnecessary because the schedule for this case, including the dispositive motion filing deadline,

22   was vacated on March 23, 2015, pending the filing of and response to a fourth amended

23   complaint.

24   / / /

25   / / /

26   / / /

1    Accordingly, IT IS HEREBY ORDERED that:

2       1.    Plaintiff's motion (Doc. 70) is denied without prejudice;

3       2.    Plaintiff's motion (Doc. 87) is denied; and

4       3.    Plaintiff's motion (Doc. 98) is denied as unnecessary.

5

6  DATED:  September 23, 2015

7    _____
    **CRAIG M. KELLISON**
8    UNITED STATES MAGISTRATE JUDGE