IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | No. 2:12-CV-0471-MCE-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| TERRY, et al., | |
|     Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions (Docs. 60, 64, 65, 75, and 83) for appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his

1

1  own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.

2  Neither factor is dispositive and both must be viewed together before reaching a decision.  See

3  id.  In Terrell, the Ninth Circuit concluded that the district court did not abuse its discretion with

4  respect to appointment of counsel because:

5  > . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

8  Id. at 1017.

9  In his motions, plaintiff cites psychiatric problems and mental illness as

10  warranting appointment of counsel.  He notes that in another matter, Thomas v. Wilber, et al.,

11  Eastern District of California case no. 1:10-CV-0006-SKO, pro bono counsel has been

12  appointed.  Plaintiff states that he is currently taking psychotropic medication and that his mental

13  health fluctuates.  He also notes a May 19, 2015, letter from the facility captain at the California

14  Health Care Facility noting that his "mental health status and treatment regime have severely

15  restricted his ability to have access to his legal documents and Legal Library usage."  It should be

16  noted that, as of August 2015, plaintiff is no longer housed in an institution specific to inmate

17  mental health but has been transferred to Pelican Bay State Prison.

18  In the present case, the court finds that the requisite exceptional circumstances do

19  not exist.  Regarding a likelihood of success on the merits, while plaintiff has potentially

20  meritorious claims against Terry and Lawrence, because plaintiff has not yet filed his fourth

21  amended complaint, the court cannot evaluate the likelihood of success as to additional

22  defendants.  Moreover, at this early stage of the proceedings, the court cannot say that plaintiff is

23  likely to prevail in the lawsuit.

24  / / /

25  / / /

26  / / /

As to plaintiff's ability to articulate his claims in light of the complexity of the issues, the court finds that plaintiff has sufficient ability despite apparent mental health issues. First, the legal issues are not complex. This case involves alleged use of excessive force in violation of the Eighth Amendment. The law in this area is well-settled and not complex. Additionally, the factual issues do not appear to be overly complex. Further, plaintiff has demonstrated an ability to articulate his claims and prosecute this litigation on his own. He has been able to respond appropriately to court orders, and has prepared and filed numerous amendments to the pleadings. To the extent plaintiff's mental illness, which appears to currently be improved with medication as reflected by his transfer out of a prison medical facility, poses obstacles, plaintiff may seek additional time and other accommodations.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions (Docs. 60, 64, 65, 75, and 83) for appointment of counsel are denied.

DATED: September 23, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE