IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | No. 2:12-CV-0471-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| TERRY, et al., | |
| Defendants. | |
| _____/ | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are: (1) plaintiff's "Motion for Court's Assistance to Get Legal Documents" (Doc. 71); and (2) plaintiff's motion to compel (Doc. 103).

       Plaintiff's "Motion for Court's Assistance to Get Legal Documents" will be stricken for failure to provide proof of service on all parties.  See Local Rule 135(d).[1]

/ / /

/ / /

---

[1] Plaintiff seeks a court order directing opposing counsel to provide assistance in locating lost documents.  The court observes that, had plaintiff either contacted opposing counsel informally, or at least provided opposing counsel with a copy of his motion to the court, the matter could be resolved without requesting court intervention.

1

In his motion to compel, plaintiff asserts that defendants have improperly redacted documents produced in response to plaintiff's discovery requests. Defendants argue, among other things, that plaintiff's motion is untimely. Specifically, defendants note that the documents at issue were served on plaintiff in September 2014 and that, pursuant to the then-operative scheduling order, any motions to compel were due within 60 days after the discovery cut-off date of October 27, 2014.[2] Plaintiff never sought any extension of this deadline. Plaintiff's motion to compel was filed in December 2015 – a year after the motion to compel deadline expired – and is untimely.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion for Court's Assistance to Get Legal Documents" (Doc. 71) is stricken; and

2. Plaintiff's motion to compel (Doc. 103) is denied as untimely.

DATED: February 12, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2] The scheduling order was later vacated, but was in place as of the expiration of the late December 2014 motion to compel deadline.

2